Hasmik **MIKAELYAN**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 04–76758.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007 *.

Filed Dec. 11, 2007.

Hasmik Mikaelyan, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Gary L. Anderson, Esq., USSA—Office of the U.S. Attorney Western District of Texas, San Antonio, TX, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, WARDLAW, and IKUTA, Circuit Judges.

## MEMORANDUM **

Hasmik Mikaelyan, a native and citizen of Georgia, petitions for review of an order of the Board of Immigration Appeals. The BIA summarily affirmed the immigration judge's order denying Mikaelyan's applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we grant the petition for review and remand.

■ The IJ's determination that Mikaelyan's testimony was not credible is not supported by substantial evidence. First, the IJ made a number of factual errors about what was reflected in Mikaelyan's documents and testimony. The IJ was simply mistaken that Mikaelyan's testimony about when she obtained a copy of her birth certificate was incompatible with the date of issuance on the birth certificate. The IJ was similarly mistaken about the content of the Mexican hotel receipt. The IJ found the receipt suspicious because, she said, it did not contain a name and room number, but in fact, both appear on the receipt. Nor does the record support the IJ's determination that Mikaelyan testified inconsistently about the presentation of her identity documents at the Mexican hotel. Mikaelyan's testimony at all times was that the woman who arranged her travel from Moscow to the United States was the one who presented the documents

to the hotel. Similarly, Mikaelyan repeatedly testified that they flew, rather than drove, from Mexico City to Tijuana; the IJ's characterization of her testimony on this point as inconsistent is also contradicted by the record.

■ Second, the IJ's holding that Mikaelyan lacked knowledge of Sukhumi (her hometown) and of Senaki (the town she subsequently lived in for several years) was not supported by substantial evidence in the record. Mikaelyan provided details regarding landmarks and geographical features of Sukhumi. Although most of the landmarks and features described by Mikaelyan were not included in a brief description of Sukhumi in a 1991 guidebook, such lack of corroboration is not substantial evidence supporting an adverse credibility determination. Mikaelyan also provided details about Senaki that were not inconsistent with any documents in the record.

■ Next, the IJ's conjecture about Mikaelyan's inability to speak the Georgian language is not a legitimate basis for the IJ's adverse credibility finding. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000). Mikaelyan, an ethnic Armenian who speaks Russian as well as Armenian, explained that she went to a school in Georgia where courses were taught in Russian and Armenian, but not Georgian. The IJ did not expound on why Mikaelyan's seemingly plausible explanation was not credible.

Finally, the IJ based her decision in part upon Mikaelyan's demeanor, yet failed to identify what it was about her demeanor that made her appear incredible. *See*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003).

We remand for the BIA to consider whether, accepting Mikaelyan's testimony as true, she is eligible for asylum, withholding of removal and protection under CAT. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**